Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNICOLORS, INC., a California corporation,

Plaintiff,

v.

WHITE MARK UNIVERSAL, INC., a California corporation; KOHL'S, INC., a Delaware corporation; and DOES 1-10,

Defendants.

Case No.:

**Plaintiffs' Complaint for**:

1. Copyright Infringement
2. Vicarious and/or Contributory Copyright Infringement
3. Breach of Contract
4. Fraud

**Jury Trial Demanded**

Plaintiff, UNICOLORS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff UNICOLORS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant WHITE MARK UNIVERSAL, INC. ("WHITE MARK") is a California corporation with a corporate office at 1220 Maple Ave Ste 911, Los Angeles, CA 90015 and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant KOHL'S, INC. ("KOHL'S") is a Delaware corporation with a corporate office at N56 W1700 Ridgewood Dr., Menomonee Falls, Wisconsin, 53051, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN KCR088**

9. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name KCR088 (hereinafter "Subject Design"). This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times, was owned exclusively by Plaintiff.

10. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

11. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

12. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

13. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design, WHITE MARK, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Subject Product"). Such Subject Product includes

but is not limited to the garment style sold by Defendant retailer KOHL'S under style No. 11188 and bearing RN 125592 and the label "WHITE MARK" indicating it was manufactured by or for WHITE MARK.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

15.Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

16. A comparison of Subject Design (left) and a non-exclusive exemplar of Subject Product (right) is set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

///

///

///

| Subject Design (KCR088) | Subject Product Exemplar |
|---|---|
| Design | Detail<br><br>Garment<br> |

17. Plaintiff previously litigated a matter against WHITE MARK concerning the infringement of the Subject Design. That case ended in a written settlement agreement between Plaintiff and WHITE MARK, in which WHITE MARK represented and warranted that it had sold no more than a certain number of units of Subject Products bearing unauthorized reproductions of the Subject Design and had sold all products only to Specialty Retailers, Inc., a Texas corporation, doing business as “Stage Stores.” Furthermore, WHITE MARK represented that it did not purchase, sell, or distribute any other product bearing the Subject Design, and that

upon execution of the settlement agreement, WHITE MARK had 0 total units of Subject Products in its inventory.

18. After execution of the settlement agreement and performance of the terms, Plaintiff discovered Subject Product being sold by KOHL'S that WHITE MARK never disclosed during the prior litigation or in the settlement agreement.

19. Upon information and belief, and based on information provided in the tags and labels on the Subject Product, Plaintiff alleges that Defendant retailer KOHL'S purchased the Subject Product from WHITE MARK, and that said units of the Subject Product were manufactured by WHITE MARK.

20. In the settlement agreement executed between Plaintiff and WHITE MARK, WHITE MARK failed to disclose that it had sold the products described herein to Defendant retailer KOHL'S and/or other currently unknown retailers. This misrepresentation was a material breach of the agreement that caused damage to Plaintiff.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, KOHL'S, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

25. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

26. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants,

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29.Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits

directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(Breach of Contract – Against WHITE MARK)

35. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff and WHITE MARK entered a contract, in the form of a settlement agreement, on January 19, 2022, to resolve claims of infringement of the Subject Design regarding infringing garments produced by WHITE MARK.

37. This agreement included representation and warranties regarding the scope of the allegedly infringing product sold by WHITE MARK, including without limitation, the total amount of allegedly infringing product purchased, received by WHITE MARK, and the parties to whom said product was sold and distributed. These representations and warranties were material to the agreement.

38. Plaintiff is informed and believes and thereon alleges that WHITE MARK concealed and/or failed to disclose the Subject Product manufactured and sold to Defendant KOHL'S discussed and/or pictured hereinabove.

39. This concealment and/or failure to disclose was a material breach of the settlement agreement referenced herein and caused Plaintiff significant damages in an amount to be determined at trial.

40.Pursuant to the express terms of the settlement agreement, Plaintiff is further entitled to seek recovery of additional damages, attorneys' fees, and costs in connection with WHITE MARK's breach and this litigation.

**FOURTH CLAIM FOR RELIEF**

(For Fraud – Against WHITE MARK)

41. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

42. Plaintiff and WHITE MARK entered a contract, in the form of a settlement agreement on January 19, 2022, to resolve claims of infringement of the Subject Design.

43. This agreement included representation and warranties regarding the scope of the allegedly infringing product sold by WHITE MARK, including without limitation, the total amount of allegedly infringing product purchased, received by WHITE MARK, and the parties to whom said product was sold and distributed. These representations and warranties were material to the agreement.

44. Plaintiff is informed and believes and thereon alleges that, at the time it entered into the settlement agreement referenced herein, WHITE MARK had knowledge that it had purchased, received, sold, and distributed more product, as well as sold and distributed product to more parties than was disclosed by WHITE MARK in the settlement agreement referenced herein, yet knowingly concealed and/or falsely disclosed with knowledge the scope and amount of product purchased, received, sold, and distributed.

45. Plaintiff relied on the knowingly false statements made by WHITE MARK at the time of entering into the settlement agreement referenced herein.

46. This concealment and/or failure to disclose was a breach of the settlement agreement referenced herein and amounts to fraud under California Civil Code Section 1572 and has caused Plaintiff significant damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action;

    h. That Plaintiff be awarded general and special damages;

i. That Plaintiff be awarded punitive damages as compensation and punishment for WHITE MARK'S wanton, willful, and fraudulent conduct alleged herein; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 24, 2023

DONIGER / BURROUGHS

By: /s/ *Trevor W. Barrett*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff